**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 13 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50141 |
| Plaintiff - Appellee, | D.C. No. 8:11-cr-00165-DOC-3 |
| v. | |
| ADRIAN IBARRA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted March 5, 2014
Pasadena, California

Before: PREGERSON, PAEZ, and HURWITZ, Circuit Judges.

Adrian Ibarra appeals his jury conviction and sentence for possession of

methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

As the facts and procedural history are familiar to the parties, we do not recite them

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

here except as necessary to explain our disposition. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

### A.      Ibarra's motion to suppress his confession

A denial of a motion to suppress is reviewed de novo. *United States v. Barnes*, 713 F.3d 1200, 1202 (9th Cir. 2013). Under Federal Rule of Criminal Procedure 12(b)(3)(C), motions to suppress evidence must be raised prior to trial. Under Rule 12(e), failure to bring a timely suppression motion constitutes waiver of the issue. During the suppression hearing, Ibarra argued that his confession should be excluded because the officers engaged in an improper "two-step interrogation" prohibited by *Missouri v. Seibert*, 542 U.S. 600 (2004). Ibarra also questioned the officer's failure to record the exact questions asked during the advisement of Ibarra's *Miranda* rights. Ibarra did not, however, argue that the confession should be suppressed as an involuntary statement induced by threats of long-term imprisonment.

Ibarra has therefore waived on appeal any contention that the confession should be suppressed as involuntary. "It does not matter that [Ibarra] made a pre-trial motion to suppress on other grounds, for just as a failure to file a timely motion to suppress evidence constitutes a waiver, so too does a failure to raise a *particular ground* in support of a motion to suppress." *United States v. Wright*,

215 F.3d 1020, 1026 (9th Cir. 2000) (internal quotation marks omitted) (emphasis added).

### B. Ibarra's ineffective assistance of trial counsel claim

"As a general rule, we do not review challenges to the effectiveness of defense counsel on direct appeal. Rather, we prefer to review ineffective assistance of counsel claims in habeas corpus proceedings under 28 U.S.C. § 2255." *United States v. Moreland*, 622 F.3d 1147, 1157 (9th Cir. 2010) (internal quotation marks and citations omitted). But there are two instances when this court reviews ineffective assistance of counsel claims on direct appeal: "(1) when the record on appeal is sufficiently developed to permit review and determination of the issue, or (2) when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *United States v. Ross*, 206 F.3d 896, 900 (9th Cir. 2000) (internal quotation marks omitted). Neither of these exceptions apply to the present case. Thus, we decline to review Ibarra's ineffective assistance of counsel claim.

### C. The district court's finding of ninety-five percent purity of methamphetamine

The district court's application of the Sentencing Guidelines to the facts is reviewed for an abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th

3

Cir. 2008) (en banc). The sentence imposed is reviewed for "reasonableness," and only a procedurally erroneous or substantively unreasonable sentence will be set aside. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

"[D]istrict courts are free to make factual determinations not made by the jury and may base their ultimate decisions regarding the length of a convicted criminal's sentence on those determinations." *United States v. Staten*, 466 F.3d 708, 719 (9th Cir. 2006). *Apprendi v. New Jersey* only requires a jury finding of proof beyond a reasonable doubt for any fact, other than the fact of a prior conviction, that increases the *statutory maximum* sentence. 530 U.S. 466, 476 (2000); *United States v. Booker*, 543 U.S. 220, 244 (2005). *Apprendi* does not require a jury finding on facts that may increase the sentence within the statutory range authorized by the jury's verdict. *See Booker*, 543 U.S. at 233 ("[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant."); *United States v. Buckland*, 289 F.3d 558, 570 (9th Cir. 2002) (en banc) ("*Apprendi* does not alter the authority of the judge to sentence *within* the statutory range provided by Congress.").

Here, the district court determined by clear and convincing evidence that because the offense involved 3.5 kilograms of actual methamphetamine—which

4

exceeds the 1.5 kilograms required under U.S.S.G. 2D1.1(c)(1)—the base offense level was 38, with a criminal history category of II.  And although *Alleyne v. United States*, 133 S.Ct. 2151 (2013), requires that facts triggering a mandatory minimum sentence or a heightened statutory maximum sentence must be found by a jury, the jury found that the offense involved more than 500 grams of methamphetamine.  This finding alone was sufficient to trigger the statutory 20-year-mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A)(viii).  The district court could then make other factual findings related to sentencing within the statutory range set forth by the jury's verdict.

Moreover, the district court explicitly noted that it consulted the Guidelines in its determination.  Although the mandatory minimum sentence was 240 months imprisonment, after considering the 18 U.S.C. § 3553(a) factors, the court imposed a sentence of 262 months imprisonment, which was still within the statutory range set forth in 21 U.S.C. § 841(b)(1)(A)(viii).

**AFFIRMED.**